IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-209-GPM |
| | ) |
| JAMES E. CARSON, d/b/a ABM, | ) |
| DARRELL GULLY, and JOHNNY | ) |
| TAYLOR, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In its complaint filed here in diversity, Plaintiff Nautilus Insurance Company ("Nautilus") seeks declaratory judgment that it has no duty to defend or indemnify Defendants in a lawsuit pending in the Circuit Court of the Twentieth Judicial District, St. Clair County, Illinois (Doc. 2).

Defendant here, Johnny Taylor is the plaintiff in the St. Clair County action *Johnny L. Taylor, Jr., v. Darrell Gully, et al.,* Case no. 09-L-280. In Mr. Taylor's Fourth Amended Complaint in that action, he claims that "he became trapped between a trailer which was in the process of being scrapped and a dump truck" at a job site in Dupo, Illinois (Doc. 31, ¶ 10). Mr. Taylor had accompanied Defendant Carson to the Dupo jobsite—Mr. Carson operated a scrap metal facility and junkyard, hence his presence at the Dupo site to scrap unused vehicles. Defendant Gully was an employee of Mr. Carson present at the Dupo site. Mr. Taylor was not an employee or agent of Mr. Carson's. Mr. Taylor claims he was injured as a result of Mr. Gully and

Mr. Carsons's negligence and carelessness as follows: they "negligently and carelessly failed to secure the work site so as to prevent non-workers, including [Mr. Taylor], from entering it; [they] negligently and carelessly failed to warn plaintiff of the dangers associated with entering the work site; and [they] negligently and carelessly failed to monitor the work site to ensure that non-workers were not present while work was being performed." (Doc. 31, ¶ 14, 16).

In this action, Nautilus asks for summary declaratory judgment that it has no duty to defend or indemnify Defendants, as Nautilus's insurance policy contained an applicable exclusion (Doc. 2). That exclusion states:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading." This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(Doc. 10, ¶ 11). The definition of "auto" includes "A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment." (Doc. 10, ¶ 10).

Nautilus also asks for Default Judgment against Defendants Carson and Gully (Doc. 10). Notice of a hearing on the motion for default judgment was issued on September 19, 2012, and hearings were held on both November 26 and December 17, 2012. Defendants Carson and Gully appeared at neither hearing, nor have they entered their appearances in this action. Judgment is proper as against Defendants Carson and Gully pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court also finds that the exclusion in Nautilus's policy applies here, so Judgment

shall enter as against all Defendants.

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted).

Here, there are no issues of material fact. The deciding question is whether the auto exclusion of Nautilus's policy applies. The question is actually narrower: does Mr. Taylor's state court claim "arise out of" operation of an auto. (The parties don't argue, for instance, that the dump truck that ran into Mr. Taylor is not an "auto" under the policy). Mr. Taylor, in short, argues that the cause of his injury was negligent supervision, *not* operation of an auto. Nautilus argues that nothing in Mr. Taylor's state court complaint is independent of the operation of an auto, and the exclusion therefore applies. It is Mr. Taylor's state complaint "in concert with the provisions of the Policy" that the Court considers in determining whether Nautilus has a duty to defend. *Nationwide Insurance Co. v. Central Laborers' Pension Fund,* 704 F.3d 522, 525 (7th Cir. 2013). That duty exists "if the underlying complaint alleges facts within or potentially within

policy coverage." *Id.* To avoid an auto-use policy exclusion, the state court plaintiff must allege that his "injuries arose from events wholly independent of any negligent operation." *Northbrook Property & Casualty Co. v. Transportation Joint Agreement,* 194 Ill.2d 96, 99 (Ill. 2000). Because the Court agrees with Nautilus that operation of the vehicle here is a quintessential part of Mr. Taylor's claim, Nautilus has no duty to defend or indemnify. *See State Farm Fire & Casualty Co., v. Abesamis,* No. 1-12-0541, 2012 WL 6964879, at *3 (Ill.App. 1 Dist. Nov. 21, 2012) ("This is not a case where the injury could have occurred in the absence of the use of a vehicle").

Mr. Taylor was injured when Defendant Gully backed a tractor into a trailer, pinning Mr. Taylor. The Court cannot comprehend how that injury is *not* inextricably intertwined with operation of a vehicle. Mr. Taylor's injury arose out of use of an auto. To imagine otherwise pushes the doctrine of proximate cause into the absurd. Negligent supervision could not be the sole proximate cause of injury—negligent supervision led to a negligently operated vehicle which was necessarily the cause of Mr. Taylor's state court claim. While the state complaint does not explicitly say as much, no amount of passive tense eliminates the operation of a vehicle from that complaint. *See Abesamis*, at *2 ("In order for a negligent supervision claim arising from a vehicle-related occurrence to withstand a motor vehicle exclusion…negligent supervision, and not negligent operation or use of the vehicle, must be the sole proximate cause of the injury."); *and BCS Services, Inc. v. Heartwood 88, LLC,* 637 F.3d 750, 754 (7th Cir. 2011) ("For want of a nail…the kingdom was lost.").

Because the auto exclusion of the policy applies to Mr. Taylor's state complaint, Nautilus's motion for summary judgment and for default judgment (Doc. 10) is **GRANTED**, Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED:   March 7, 2013

                                               s/ *G. Patrick Murphy*
                                               G. PATRICK MURPHY
                                               United States District Judge